IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jeffrey Bryn Parten, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:17-cv-2539-TMC |
| | ) **ORDER** |
| Lt. Mickey Boland, Captain Kenneth Downing, Nurse Donna Miller, Individually and in their official capacities, | ) |
| Defendants. | ) |

Plaintiff, proceeding pro se, brought this action against Defendants pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff alleges that he fell in the shower while he was a pretrial detainee at Greenwood County Detention Center. Plaintiff contends that his fall and resulting injuries occurred because Defendants Boland and Downing failed to provide slip-resistant shower mats in violation of his rights under the Fourteenth Amendment. Plaintiff further contends that he did not receive adequate medical care following his slip and fall, resulting from Defendants' deliberate indifference to his medical condition in violation of his rights under the Eighth and Fourteenth Amendments. Defendants Boland and Downing filed a Motion for Summary Judgment (ECF No. 35), as did Defendant Miller (ECF No. 38). Plaintiff filed a Response in Opposition to the Motions for Summary Judgment. (ECF No. 41). Defendants then filed Replies. (ECF No. 42 (Bowling and Downing)); (ECF No. 44 (Miller)).

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that both of Defendants' Motions for Summary Judgment be granted. (ECF No. 48 at 14). The magistrate

1

judge concluded that Plaintiff's allegations "failed to establish a condition posing a serious risk of substantial harm that was deliberately ignored by Defendants," *id.* at 6, and that the allegations amounted, "at the most, [to] a negligence claim," *id.* at 7. The magistrate judge further concluded that Plaintiff's evidence "does not support finding a claim for deliberate indifference," noting the substantial evidence showing that Plaintiff was treated the day he fell, and that Defendant Miller arranged for regular follow-up care, including x-rays, an MRI, and several outside visits with orthopedic specialists. *Id.* at 12.

Plaintiff was advised of his right to file objections to the Report. *Id.* at 15. Plaintiff filed no objections to the Report, however, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 48), which is incorporated herein by reference. Accordingly, Defendants' Motions for Summary Judgment (ECF Nos. 35 & 38) are **GRANTED**.

**IT IS SO ORDERED.**

/s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 19, 2018

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.